IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SILVINO BALTAZAR LANDERO, )<br>an individual, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>OMNI PETROLEUM INC., an Illinois corporation )<br>d/b/a EXXON MOBILE CRYSTAL LAKE, )<br>CHINTAN SURTI, an individual, and )<br>MIRZA FAROOQ, an individual, )<br> )<br>Defendants. ) | Case No. 3:23-cv-50143 |

# COMPLAINT

The Plaintiff, Silvino Baltazar Landero, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Omni Petroleum Inc., an Illinois corporation d/b/a Exxon Mobile Crystal Lake, Chintan Surti and Mirza Farooq, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiff on an improper salary basis. Plaintiff is a former laborer, cleaner and car wash attendant at Defendants' Exxon Mobile Crystal Lake gas station and car wash facility.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Silvino Baltazar Landero ("Baltazar") is a former employee of the Defendants' Exxon Mobile Crystal Lake gas station and car wash located at 451 W. Virginia Street in Crystal Lake, Illinois. Plaintiff worked as a laborer, cleaner and car wash attendant at Defendants' gas station and car wash from 2012 through April 25, 2023.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials including petroleum products, cleaning products, tools and equipment which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff Baltazar resides in and is domiciled in this judicial district.

7. Defendant, Omni Petroleum Inc. ("Omni Petroleum") does business as the Exxon Mobile Crystal Lake gas station and car wash on W. Virginia Street in Crystal Lake, Illinois and is engaged in selling petroleum products, automotive supplies and car wash services to retail customers.

8. Defendant Omni Petroleum has earned more than $500,000.00 in annual gross revenue during 2020, 2021, 2022 and 2023.

9. Defendant Omni Petroleum is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Chintan Surti ("Surti") is an owner of the Exxon Mobile Crystal Lake gas station and car wash and is the registered agent of the business's operating entity, Defendant Omni Petroleum Inc.

11. Defendant Mirza Farooq ("Farooq") is also an owner of the Exxon Mobile Crystal Lake gas station and car wash and is the president of the business's operating entity, Defendant Omni Petroleum Inc.

12. At all times relevant to this action, Defendants Surti and Farooq possessed extensive oversight over the Exxon Mobile Crystal Lake gas station and car wash business operations. Defendants Surti and Farooq were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Upon information and belief, Defendants Surti and Farooq reside in and are domiciled in this judicial district.

**COMMON ALLEGATIONS**

14. During the period from at least April, 2020 through April 24, 2023, Plaintiff Baltazar regularly worked at Defendants' Exxon Mobile Crystal Lake gas station and car wash seven (7) days a week including Monday through Sunday from 7:00 a.m. to at least 7:00 p.m.

15. Based on his schedule, Plaintiff regularly worked at least eighty-four (84) hours in individual workweeks from April, 2020 through April 24, 2023.

16. Defendants paid Plaintiff a weekly salary in the amount of $387.58 without regard to the number of hours Plaintiff worked. Plaintiff's salary consisted of a weekly payroll check in the amount of $287.58 plus unreported cash in the amount of $100.00 each week. Plaintiff also

received tips from Defendants' car wash customers of approximately $30.00 to $40.00 per day, or less.

17. As a result of Defendants' improper salary payments, Defendants paid Plaintiff far below the applicable minimum wage rates.

18. Further, Defendants never compensated Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

19. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

20. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25. Defendant Omni Petroleum Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

4

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work substantially more than forty (40) hours in individual workweeks. Defendants further avoided overtime wage obligations by paying a portion of Plaintiff's hours with a payroll check, paying a portion of Plaintiff's hours with unreported cash "under the table", and paying no direct wages for the remaining portion of Plaintiff's work hours. Furthermore, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies, and Defendants failed to record the number of hours worked by Plaintiff and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Silvino Baltazar Landero, prays for a judgment against Defendants, Omni Petroleum Inc., d/b/a Exxon Mobile Crystal Lake, Chintan Surti and Mirza Farooq, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

29.    Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

30.    Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

31.    Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

32.    During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

33.    Defendant Omni Petroleum Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

34.    Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

35.    Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff an improper salary in part with cash "under the table" and by paying no direct wages to Plaintiff for a substantial number of work hours. Furthermore, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff, failed to provide a complete and accurate wage statement record to Plaintiff, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Silvino Baltazar Landero, prays for a judgment against Defendants, Omni Petroleum Inc., d/b/a Exxon Mobile Crystal Lake, Chintan Surti and Mirza Farooq, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

36. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

37. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

38. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

39. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

40. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Silvino Baltazar Landero, prays for a judgment against Defendants, Omni Petroleum Inc., d/b/a Exxon Mobile Crystal Lake, Chintan Surti and Mirza Farooq, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred infilling and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law – Minimum Wages

42. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

43. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

44. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

45. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

46. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Silvino Baltazar Landero, prays for a judgment against Defendants, Omni Petroleum Inc., d/b/a Exxon Mobile Crystal Lake, Chintan Surti, and Mirza Farooq, as follows:

8

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

Dated: April 25, 2023

Respectfully submitted,

Silvino Baltazar Landero
Plaintiff


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

9