UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Silvino Baltazar Landero                     )
                                             )
    Plaintiff(s),                       )     Case No. 3:23-cv-50143
                                             )
vs.                                          )     Magistrate Judge Margaret J. Schneider
                                             )
Omni Petroleum, Inc., et al.,                )
                                             )
    Defendant(s).                       )

**FLSA SCHEDULING ORDER**

Pursuant to FED. R. CIV. P. 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case, which is based on the Fair Labor Standards Act ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice (FED. R. CIV. P. 1), it is

ORDERED that the provisions of FED. R. CIV. P. 16 and 26 (a)(1) concerning the initial disclosures and filing of a case management report are hereby waived in this case. Instead, the parties shall comply with the following schedules.

1. By July 28, 2023 [21 days from the date this Order is issued], the parties shall serve upon each other (but *not* file) copies of the following:

Plaintiff:[1]    All documents in Plaintiff's possession, custody or control that pertain to the unpaid wages claimed in the Complaint.

Defendant:    All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages.

---

[1] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant shall include the plural.

2. By August 18, 2023 [42 days from the date this Order is issued], and no earlier, Plaintiff shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant, and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

3. In collective actions, an exchange of documents as referenced in Paragraph 1 shall occur with respect to opt-in Plaintiffs who join the action before the dissemination of a court-approved opt-in notice. The exchange of documents must occur within twenty days of their filing of opt-in notices with this Court, and such opt-in Plaintiffs must thereafter file and serve their respective answers to the Court's Interrogatories within an additional twenty days.

4. By September 29, 2023 [70 days from the date this Order is issued], after Plaintiff serves answers to the Court's Interrogatories, counsel for Plaintiff and Defendant must meet and confer in person in a good faith effort to settle all pending issues, including attorneys' fees and costs.[2] The parties, including a representative of each corporate party with full settlement authority, must be available by telephone during the conference to consider and approve any settlement negotiated by counsel. Counsel must have full authority to settle, and must set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

5. By October 19, 2023 [90 days from the date this Order is issued], after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: (1) the parties have settled the case; (2) the parties have not settled the case but wish to continue settlement discussions for a specific period of time; (3) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date;

---

[2] In the case of an individual party not represented by counsel, the individual shall comply with the provisions of this Order.

(4) either party requests a settlement conference before the United States Magistrate Judge who upon the consent of the parties shall have the authority to approve the settlement as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues without additional filings made by the parties; or (5) the parties have exhausted all settlement efforts and will immediately file a proposed Case Management Order[3] signed by counsel for all parties.

      6.      The parties may consent to the conduct of all further proceedings in this case by the United States Magistrate Judge. Absent consent, the Magistrate Judge shall prepare a report and recommendation as to whether any settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues.

      7.      Until the Court enters a case management order, all discovery in this case is STAYED, except as provided in this Order.

      8.      If no settlement is reached pursuant to these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in to this action, the limitations period for any person receiving notice shall be tolled during the period from the date of this Order until the Court enters a case management order lifting the stay on these proceedings.

      9.      Should the parties settle the dispute at any later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

      10.      The Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

---

[3] The Case Management Order form is is available online at https://www.ilnd.uscourts.gov/judge cmp-detail.aspx?cmpid=1056.

11. Either party, for good cause shown, may move to alter this schedule should the circumstances so warrant.

ENTERED: 07/12/2023      By:     *Margaret J. Schneider*
                                            Margaret J. Schneider
                                            United States Magistrate Judge

Rev.4/19/2019

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Silvino Baltazar Landero ,  )
            Plaintiff,  )
v.  )   Case No. 3:23-cv-50143
Omni Petroleum, Inc., et al. ,  )
            Defendant(s).  )   Magistrate Judge Margaret J. Schneider

**COURT'S INTERROGATORIES TO PLAINTIFF**

1. During what period of time were you employed by the Defendant?

2. Who was your immediate supervisor?

3. Did you have a regularly scheduled work period? If so, specify.

4. What was your title or position? Briefly describe your job duties.

5. What was your regular rate of pay?

6. What is the nature of your claim (check all that apply)?

    ☐ Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time;

    ☐ Misclassification (Defendant mistakenly classified you as exempt from overtime);

    ☐ Miscalculation (Defendant failed to correctly calculate your compensation);

    ☐ Other (Please describe):_____

7. Provide an accounting of your claim, including:

    (a) dates

    (b) regular hours worked

    (c) over-time hours worked

    (d) pay received versus pay claimed

    (e) total amount claimed

8. If you have brought this case as a collective action:

    (a) Describe the class of employees you seek to include in this action.

    (b) Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

9. Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

- 3 -

10.     When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11.     Was this complaint written or oral? (If a written complaint, please attach a copy).

12.     What was your employer's response? (If a written response, please attach a copy).

_____     Date:_____
Signature of Plaintiff

STATE OF ILLINOIS
BEFORE ME personally appeared the plaintiff, who being first duly sworn, deposes and says that he/she has read the foregoing responses to the Court's Interrogatories, knows their contents, and to the best of his/her knowledge and belief, the responses are true and correct.

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 20_____.

_____
NOTARY PUBLIC